IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY C. BONTEMPS,

    Plaintiff,                       No. CIV S-06-2580 GEB GGH P

    vs.

M. C. KRAMER, et al.,

    Defendants.                   <u>ORDER</u>

_____/

         Plaintiff is a state prisoner proceeding pro se. By <u>Order</u>, filed on December 8, 2006, plaintiff was directed to file a completed application for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Because plaintiff failed to respond to the court's order, the undersigned recommended dismissal of this action in <u>Findings and Recommendations</u>, filed on February 20, 2007. Thereafter, plaintiff filed a document, wherein he states that he was informed that the filing of the appropriate documents would be taken care of for him before he was transferred from Folsom State Prison. Plaintiff also attaches a trust account statement for a limited, but recent, period. Although plaintiff's explanation for his tardiness is not entirely satisfactory, nor is the partial provision of the requested documents to support his in forma pauperis application, the court will nevertheless vacate the findings and recommendations and deem the in forma pauperis application sufficient.

1

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

The court finds that plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Plaintiff alleges that on September 18, 2005, defendant Pulley locked him in the shower area because plaintiff is mobility impaired and has to sit in a chair to shower.  Complaint, p. 1.  Plaintiff states that he has to wait until all inmates finish their showers because otherwise inmates' private parts would be level with plaintiff's face.  Plaintiff alleges that defendant Pulley retaliated by locking the shower area.  Id.  Although plaintiff attaches exhibits, he states no more in the allegations of his complaint.  As relief, plaintiff seeks only prospective injunctive relief: to be transferred to a prison that can accommodate plaintiff's medical needs.

As set forth, plaintiff's allegations are insufficient to comply with the requirements of Fed. R. Civ. P. 8.  Rule 8 requires "sufficient allegations to put defendants fairly on notice of the claims against them."  McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991)). Accord Richmond v. Nationwide Cassel L.P., 52 F.3d 640, 645 (7th Cir. 1995) (amended complaint with vague and scanty allegations fails to satisfy the notice requirement of  Rule 8.) Plaintiff does not make reference at all to defendant M. C. Kramer, the warden of Folsom State Prison, within his allegations at all.  With respect to defendant Pulley, plaintiff makes a conclusory allegation that Pulley locked plaintiff in the shower in retaliation; however, plaintiff does not set forth what protected conduct in which he (plaintiff) engaged for which Pulley retaliated against him and how locking plaintiff in the shower area, who must shower from a

chair, apparently after other inmates, constitutes a form of retaliation.

In order to state a retaliation claim, a plaintiff must plead facts which suggest that retaliation for the exercise of protected conduct was the "substantial" or "motivating" factor behind the defendant's conduct. Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989); Rizzo 778 F.2d at 532. The plaintiff must also plead facts which suggest an absence of legitimate correctional goals for the conduct he contends was retaliatory. Pratt at 806 (citing Rizzo at 532). Verbal harassment alone is insufficient to state a claim. See Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987). However, even threats of bodily injury are insufficient to state a claim, because a mere naked threat is not the equivalent of doing the act itself. See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987). Mere conclusions of hypothetical retaliation will not suffice, a prisoner must "allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." Frazier v. Dubois, 922 F.2d 560, 562 (n.1) (10th Cir. 1990).

If plaintiff seeks to make a claim pursuant to the Americans with Disabilities Act (ADA), he has not done so here. Title II of the ADA applies to inmates in state prison. Armstrong v. Wilson, 124 F.3d 1019, 1023 (9th Cir. 1997). In order to state a claim of disability discrimination under Title II of the ADA plaintiff must allege four elements: 1) he is an individual with a disability; 2) he was otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; 3) he was either excluded from participation in or denied the benefits of the public entity's services...or was otherwise discriminated against by the public entity; and 4) such exclusion, denial...or discrimination was by reason of his disability." McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004).

Plaintiff cannot seek damages or injunctive relief against the defendants in their individual capacities. Eason v. Clark County School Dist., 303 F.3d 1137, 1145 (9th Cir. 2002). However, the Eleventh Amendment does not bar an ADA suit against state officials in their official capacities for injunctive relief or damages. See Phiffer v. Columbia River Corr. Inst.,

384 F.3d 791, 792 (9th Cir. 2004).  To recover monetary damages under Title II of the ADA plaintiff must establish discrimination on the part of state officials.  <u>Ferguson v. City of Phoenix</u>, 157 F.3d 668, 674 (9th Cir. 1998).  In <u>Duvall v. County of Kitsap</u>, 260 F.3d 1124, 1138 (9th Cir. 2001), the Ninth Circuit determined that the appropriate test for intentional discrimination under the ADA is "deliberate indifference."

Finally, the only relief for which plaintiff asks is for a transfer to a prison that can accommodate plaintiff's medical needs.  The docket of this case indicates that plaintiff has been transferred since the filing of this lawsuit to High Desert State Prison.  When an inmate seeks injunctive relief concerning an institution at which he is no longer incarcerated, his claims for such relief become moot.  See  <u>Sample v. Borg</u>, 870 F.2d 563 (9th Cir. 1989); <u>Darring v. Kincheloe</u>, 783 F.2d 874, 876 (9th Cir. 1986).  <u>See</u> also <u>Reimers v. Oregon</u>, 863 F.2d 630, 632 (9th Cir. 1988).  In this case, plaintiff sought injunctive relief in the form of a transfer from Folsom State Prison.  Since plaintiff has been transferred, his claims for relief appear to be rendered moot.  The court will dismiss this complaint but plaintiff will be granted leave to amend within thirty days.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  <u>See Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  See <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed on February 20, 2007, are hereby vacated;

2. Plaintiff's request for leave to proceed in forma pauperis is granted.

3. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

4. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within thirty days from the date of service of this order. Failure to file an amended complaint will result in a recommendation that the action be dismissed.

DATED: 4/9/07

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:009
bont2580.bnf